Matter of Bracco's Clam & Oyster Bar Inc. v New York State Liq. Auth. (2019 NY Slip Op 02986)





Matter of Bracco's Clam & Oyster Bar Inc. v New York State Liq. Auth.


2019 NY Slip Op 02986


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Friedman, J.P., Sweeny, Tom, Moulton, JJ.


9051 153753/17

[*1]In re Bracco's Clam & Oyster Bar Inc. doing business as Bracco's Clam & Oyster Bar, Petitioner,
v
New York State Liquor Authority, Respondent.


Rosenberg Calica & Birney LLP, Garden City (Ronald J. Rosenberg of counsel), for petitioner.
Barbara D Underwood, Attorney General, New York (Blair J. Greenwald of counsel), for respondent.



Determination of respondent, dated December 29, 2016, which, inter alia, sustained charges of violations of various sections of the Alcoholic Beverage Control Law and rules of respondent and imposed a $20,000 fine and various operational requirements, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered on or about September 11, 2017), dismissed, without costs.
The determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 180-181 [1978]). The evidence showed that petitioner's premises had been disorderly, inadequately supervised, and a focal point for police attention throughout and prior to the summer of 2016, culminating in an incident in which patrons threw objects at police officers arresting a drunk driver who had moments earlier attempted to run them over. The evidence further confirms that petitioner operated in a manner inconsistent with the representations made in its liquor license application, and constructed an outdoor seating area where alcohol was served and consumed without respondent's prior approval.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK